IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:19-CR-95

ERIC T. JEFFERSON

## ORDER OF DISMISSAL

On July 24, 2019, Eric Jefferson was indicted on one count of being a felon in possession of a firearm. Doc. #1. On October 24, 2019, the government filed a superseding indictment charging Jefferson with one count of being a felon in possession of a firearm, and one count of being a felon in possession of ammunition. Doc. #24. The superseding indictment also charged Jefferson as an Armed Career Criminal. *Id*. at 1, 2.

On January 13, 2020, a week before trial, the government filed a motion to dismiss the indictment and the superseding indictment with prejudice. Doc. #35. As grounds, the government represents that it recently "discovered issues with the identification and collection of evidence" and that, based upon these issues, "it is of the opinion and belief that it would not be able to meet its burden of proof of the defendant's guilt beyond a reasonable doubt." *Id*. at 1. It further represents that the defendant has no objection to the motion. *Id*.

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 694 F.3d 966, 973 (5th Cir. 2011) (internal quotation marks omitted). However, this discretion must be exercised with a view to the rule's purpose—"to protect a defendant against prosecutorial harassment, *e.g.*, charging,

dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

As a general rule, a motion to dismiss "should be granted unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest." *Id*. (internal footnote and quotation marks omitted).

Because the government has moved to dismiss with prejudice, there is no risk of prosecutorial harassment. Accordingly, there is nothing to indicate that the motion was motivated by considerations contrary to the public interest. Therefore, the motion to dismiss [35] is **GRANTED**. The indictment and superseding indictment filed in this case against Jefferson are **DISMISSED with prejudice**.

**SO ORDERED**, this 14th day of January, 2020.

                                                **/s/ Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**